UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
IN RE APPLICATION OF                         :
CORPORACIÓN MÉXICO                           :
ESCOLÁSTICA, S.A. DE C.V.,                   :
                                             :   Civil Action No. 16-MC-339
            Petitioner,                      :
                                             :
     -against-                               :
                                             :
SCHOLASTIC CORPORATION and                   :
SCHOLASTIC INC.,                             :
                                             :
            Respondents.                     :
--------------------------------------------------------X

### RESPONDENTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO VACATE THE COURT'S ORDER AND QUASH THE SUBPOENA

FRANKFURT KURNIT KLEIN & SELZ, P.C.

Edward H. Rosenthal
Lily Landsman-Roos
488 Madison Avenue, 10th Floor
New York, NY  10022
Telephone: (212) 980-0120
Fax:  (212) 593-9175
Email: erosenthal@fkks.com
          llandsmanroos@fkks.com

*Attorneys for Respondents Scholastic Corporation and Scholastic Inc.*

## TABLE OF CONTENTS

**Page**

BACKGROUND ..................................................................................................1

ARGUMENT......................................................................................................4

I.      THE STATUTORY AND DISCRETIONARY FACTORS UNDER 28 U.S.C.
§ 1782 MANDATE THAT THE SUBPOENA BE QUASHED ......................................4

        A.     The Subpoena Should Be Quashed Because Scholastic, Inc. will be Party
to the Mexican Damages Proceeding and There is No Need for § 1782 Aid .........5

        B.     The Subpoena Should Be Quashed Because the Mexican Court May Not
Be Receptive to the Evidence Sought .................................................8

        C.     The Subpoena Should Be Quashed Because it Circumvents Foreign Proof-
Gathering Procedures Available in Mexico .........................................9

        D.     The Subpoena Should be Quashed Because it is Unduly Burdensome and
Intrusive....................................................................9

                1.     The Document Requests Seek Irrelevant Evidence and Impose a
Burden on Scholastic that is Disproportional to the Limited Needs
of the Damages Proceeding .................................................9

                2.     Evidence That is Irrelevant to the Foreign Proceeding Will Not Be
"Useful" to It, in Violation of 28 U.S.C. § 1782.......................11

II.     AT A MINIMUM, THE SCOPE OF THE SUBPOENA SHOULD BE LIMITED
TO THOSE DOCUMENTS DIRECTLY RELATED TO SCHOLASTIC'S
INFRINGEMENT OF ESCOLÁSTICA'S TRADEMARKS IN MEXICO ...................12

CONCLUSION....................................................................................................13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P.*,
   798 F.3d 113, n. 7 (2d Cir. 2015) ......................................................................12

*Consorcio Minero S.A. v. Doe Run Res. Corp.*,
   No. 4:11-MC-583 (CEJ), 2011 WL 4550200 (E.D. Mo. Sept. 30, 2011) ...............................7

*In re Application of Carsten Rehder Schiffsmakler Und Reederei Gmbh & Co.*,
   No. 6:08-MC-108-ORL-35 (DAB), 2008 WL 4642378 (M.D. Fla. Oct. 17,
   2008).......................................................................................................7

*In re Application of Elvis Presley Enterprises LLC for an Order to Take
   Discovery Pursuant to 28 U.S.C. § 1782*,
   No. 15-MC-386 (DLC), 2016 WL 843380 (S.D.N.Y. Mar. 1, 2016) ..................................10

*In re Application of OOO Promnefstroy for an Order to Conduct Discovery for
   Use in a Foreign Proceeding*,
   No. M 19-99 (RJS), 2009 WL 3335608 (S.D.N.Y. Oct. 15, 2009) ....................................5, 9

*In re Application of Operacion y Supervision de Hoteles, S.A. de C .V. for an
   Order to Conduct Discovery for Use in a Foreign Proceeding*,
   No. 14 MISC. 82 (PGG), 2015 WL 82007 (S.D.N.Y. Jan. 6, 2015) .....................................7

*In re Application of Procter & Gamble Co.*,
   334 F. Supp. 2d 1112 (E.D. Wis. 2004) ................................................................7

*In re Asia Mar. Pac. Ltd.*
   No. 15-CV-2760 (VEC), 2015 WL 5037129, at *3 (S.D.N.Y. Aug. 26, 2015) .....................11

*In re Ex Parte Application of Porsche Automobil Holding SE for an Order
   Pursuant to 28 U.S.C. §1782 Granting Leave to Obtain Discovery for Use in
   Foreign Proceedings*,
   No. 15-MC-417 (LAK), 2016 WL 702327, at *7 (S.D.N.Y. Feb. 18, 2016) ....................5, 6

*In re Godfrey*,
   526 F. Supp. 2d 417 (S.D.N.Y. 2007) ...............................................................4, 9

*In re Kreke Immobilien KG*,
   No. 13 MISC. 110 (NRB), 2013 WL 5966916 (S.D.N.Y. Nov. 8, 2013)...............................8

*In re Microsoft Corp.*,
   428 F. Supp. 2d 188 (S.D.N.Y. 2006)...................................................................9

*In re MT BALTIC SOUL Produktentankschiff-Ahrtsgesellschaft mgH & Co. KG*,
    No. 15 MISC. 319 (LTS), 2015 WL 5824505 (S.D.N.Y. Oct. 6, 2015) ...............................10

*In re Request for Int'l Judicial Assistance from the Sixteenth Family Court of the
    Supreme Court of Justice of the Fed. Dist.*,
    No. 14-MC-80083 (JST), 2014 WL 1202545 (N.D. Cal. Mar. 19, 2014) ..............................7

*In re Servicio Pan Americano de Proteccion*,
    354 F. Supp. 2d 269 (S.D.N.Y. 2004) ...................................................................................7

*Intel Corp. v. Advanced Micro Devices, Inc.*,
    542 U.S. 241 (2004) ....................................................................................... 4, 5, 8, 9

*Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*,
    841 F. Supp. 2d 769 (S.D.N.Y. 2012) ................................................................................6

*Mees v. Buiter*,
    793 F.3d 291 (2d Cir. 2015) ...............................................................................................9

*Schmitz v. Bernstein Liebhard & Lifshitz, LLP.*,
    376 F.3d 79 (2d Cir. 2004) ....................................................................................... 4, 5, 8

**Statutes**

28 U.S.C. § 1781 ..........................................................................................................................6

28 U.S.C. § 1782 ................................................................................................*passim*

Federal Rule of Civil Procedure Rule 26 ..................................................................................9

Respondents Scholastic Corporation and Scholastic Inc. (collectively, "Scholastic") submit this Memorandum of Law in support of their Motion to Vacate the order of this Court, dated September 30, 2016 (the "Order"), granting petitioner Corporación México Escolástica's ("Escolástica") application pursuant to 28 U.S.C. § 1782 to conduct discovery for use in a foreign proceeding, and to quash the subpoena served thereunder (the "Subpoena").

As shown below, the Subpoena is inappropriate, premature and overbroad.  It demands discovery for possible use in a Mexican civil proceeding that has not even been commenced and to which Scholastic Inc. will be a party.  It seeks to bypass the procedures in Mexico by which a party in a litigation can seek production of relevant documents, and it attempts to compel the production of a vast number of documents covering a fifteen-year span and bearing little or no relationship to the limited issues that may in the future be litigated in Mexico.  Accordingly, the Order granting Escolástica's *ex parte* application should be vacated and the Subpoena quashed.

## BACKGROUND

The Parties

Respondent Scholastic Inc. is a New York corporation with its principal place of business in New York, New York.  (Declaration of Christopher Lick, dated December 1, 2016 ("Lick Decl.") ¶2.)  It is the world's largest publisher and distributor of children's books and other media.  *Id.*  Scholastic Inc. is wholly owned by respondent Scholastic Corporation, which is a publicly traded Delaware corporation.  (*Id.* at ¶3.)  Scholastic Inc. is the owner of numerous trademarks incorporating the mark "Scholastic" in the United States and throughout the world.  (*Id.* at ¶4.)  Scholastic has annual revenues in excess of $1.6 billion, but only a small fraction of its revenues derive from sales in Mexico.  (*Id.* at ¶5.)

Petitioner Escolástica is a Mexican entity that describes itself as a business that "sells Internet and mobile-based applications to private schools" and "hosts a[n] . . . online platform

that allows students, parents, teachers, and school administrators to communicate and interact outside the school environment." (Memo of Law in Support of *Ex Parte* Application of Corporación México Escolástica, ECF No. 3 ("Memo of Law") at 1.) It claims to own two trademark registrations in Mexico for the mark Escolastica (and design): one for telecommunications services and the other for publicity, administrative, and commercial management services (the "Escolástica Trademarks"). (Memo of Law at 1, 4.) Neither of the Escolástica Trademarks relate to Scholastic's core business of book publishing and distribution.

In 2010, the Mexican Institute of Industrial Property, the administrative body in Mexico governing patents and trademarks, found that Scholastic had infringed the Escolástica Trademarks by virtue of its use in Mexico of domain names that included the terms "escolastica" or "escholastica," such as www.escolastica.org, www.escolastica.biz, www.escholastica.com and others (the "Scholastic Escolástica Domain Names") as well as the supposed rendering of advertising services and telecommunication services by Scholastic. (*See* Lick Decl. ¶6; Declaration of Abraham Díaz, dated December 1, 2016 ("Díaz Decl.") ¶3.) Each of the Scholastic Escolástica Domain Names linked to Scholastic's home webpage. (*See* Lick Decl. ¶6.) After years of litigation and appeals, the administrative judgment of liability became final in 2015. (*See* Díaz Decl. ¶ 3.)

Escolástica now claims that it is ready to begin what it calls the "damages phase of [the] trademark infringement proceeding," or the "Mexican Damages Proceeding," in Mexican Civil Court (the "Mexican Court"). (Memo of Law at 1.) Contrary to Escolástica's suggestions,[1] no barriers, legal or otherwise, stand in the way of that action. (*See* Díaz Decl. ¶ 4.) Nonetheless,

---

[1] Escolástica asserts that "[d]iscovery of the requested information is necessary before [it] can be in [a] position to initiate the Mexican Damages Proceeding." (Memo of Law at 8.) But it fails to set forth any reason why the broad financial data sought by the Subpoena is "necessary" to start that process. (*See generally* Díaz Decl. ¶4.)

Escolástica detoured to this Court, using 28 U.S.C. § 1782 to seek voluminous discovery, most of which does not relate in any way to the issues to be presented if and when Escolástica begins the Mexican Damages Proceeding.

The Subpoena seeks five categories of documents from Scholastic (the "Document Requests"), including four requests targeting Scholastic Inc., and one targeting Scholastic Corporation.  (*See* Declaration of Turner P. Smith, dated September 19, 2016, Ex. 3 at p. 2, ECF No. 4-3.)  The Document Requests directed to Scholastic Inc. include, *inter alia*, demands for fifteen years (from 2001 through 2015) of audited and unaudited financial statements and tax returns whether or not they relate to the use of the Scholastic Escolástica Domain Names and whether or not they have anything to do with activities in Mexico.  (*See id.*)  The Document Requests that are focused on Scholastic's use of the term "Escolastica" are not limited to activities in or directed to Mexico but rather demand "worldwide public selling price and revenues."  (*Id.* at p. 2, ¶¶ 1–2.)

The one Document Request directed to Scholastic Corporation relates to the 2015 sale of its Educational and Technology Services Business ("ETSB") to another American publisher, Houghton Mifflin Harcourt ("HMH").  The overwhelming majority of ETSB's business was conducted in the United States.  (*See* Lick Decl. ¶8.)  While there may have been sales to other countries, including Mexico, such activity was at most minimal.  (*See id.*)  Moreover, Scholastic neither sold the Scholastic Escolástica Domain Names to HMH nor licensed HMH the right to use them.  (*Id.*)

As such, the requests extend far beyond Scholastic's activities in Mexico related to the allegedly infringed trademarks, and even go so far as to target the sale of a business unit that had little or nothing to do with any activities in Mexico.

<u>**ARGUMENT**</u>

**I.   THE STATUTORY AND DISCRETIONARY FACTORS UNDER 28 U.S.C. § 1782 MANDATE THAT THE SUBPOENA BE QUASHED.**

Section 1782 provides that a federal district court may order a person residing or found in its district to give testimony or produce documents "for use in a proceeding in a foreign or international tribunal . . . upon the application of any interested person." 28 U.S.C. § 1782(a). The applicant must show that: (1) the person from whom discovery is sought resides or can be found in the district of the district court to which the application is made; (2) the discovery is for use in a foreign proceeding before a foreign tribunal; and (3) the application was made by a foreign or international tribunal or an interested person. *See Schmitz v. Bernstein Liebhard & Lifshitz, LLP.*, 376 F.3d 79, 83 (2d Cir. 2004). It is Escolástica's burden to meet the requisite statutory criteria. *See, e.g. In re Godfrey*, 526 F. Supp. 2d 417, 419 (S.D.N.Y. 2007).

If a petitioner carries this burden, § 1782 authorizes – but does not require – a court to order the requested discovery. "[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 264 (2004). That decision is soundly within the court's discretion, bearing in mind the following: (a) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which case "the need for a § 1782(a) aid generally is not apparent"; (b) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (c) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (d) whether the request is "unduly intrusive or burdensome[.]" *Id.* at 264–65. Moreover, although there is no foreign discoverability requirement for § 1782 discovery (*see id.* at 261), courts "look to the nature, attitude and procedures of that jurisdiction as 'useful

4

tool[s]' to inform its discretion." *Schmitz*, 376 F.3d at 84 (quoting *In re Application of Gianoli Aldunate*, 3 F.3d 54, 60 (2d Cir. 1993)).

For the reasons stated below, all four *Intel* factors weigh against Escolástica's application.

**A.    The Subpoena Should Be Quashed Because Scholastic, Inc. will be Party to the Mexican Damages Proceeding and There is No Need for § 1782 Aid**

Scholastic Inc. was party to the administrative determination of liability, and will be a party to the Mexican Damages Proceeding if and when it is commenced by Escolástica.[2]  Thus, application of "the first [*Intel*] factor weighs squarely in favor of" denying the § 1782 discovery. *In re Application of OOO Promnefstroy for an Order to Conduct Discovery for Use in a Foreign Proceeding*, No. M 19-99 (RJS), 2009 WL 3335608, at *7 (S.D.N.Y. Oct. 15, 2009).  The Subpoena commits the very sin that this *Intel* factor seeks to avoid.  The District Court should not become involved where "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Intel*, 542 U.S. at 264.  Escolástica asserts – without specifics or proof – that absent assistance from this Court it cannot obtain any discovery from Scholastic.  It thus urges the Court to ignore the first *Intel* factor.  But that position is flawed for several reasons.  As a starting matter, the key inquiry is not whether the "person" is within the foreign tribunal's jurisdictional reach, but whether "the foreign tribunal has the ability to control the evidence sought and order production[.]"  *In re Ex Parte Application of Porsche*

---

[2] Escolástica suggests, without any factual support, that Scholastic Inc. cannot be required to produce relevant documents in the Mexican proceeding "because [it] no longer maintains a domicile or office in Mexico."  (Memo of Law at 13.)  In so arguing, Escolástica puts the cart before the horse.  While stating that the Mexican Court has jurisdiction over Scholastic Inc. for purposes of the Damages Proceeding, Escolástica urges this Court to intervene before allowing the Mexican Court to exercise that jurisdiction.  Escolástica should be required to go through proper procedures in Mexico and seek to obtain relief in that jurisdiction before claiming that it will be unable to procure relevant information.

*Automobil Holding SE for an Order Pursuant to 28 U.S.C. §1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings*, No. 15-MC-417 (LAK), 2016 WL 702327, at *7 (S.D.N.Y. Feb. 18, 2016).  Thus, the fact that Scholastic is headquartered in New York is not dispositive if the evidence sought can be compelled by the foreign tribunal.

If and when it initiates the Mexican Damages Proceeding, Escolástica may ask the Mexican Court to order Scholastic to exhibit documents showing what profits, if any, were derived from the allegedly infringing services.  (*See* Díaz Decl. ¶6.)  The Mexican Court will then decide the appropriate scope of documentation to be produced by Scholastic.  (*See id.* at ¶7.)  *See generally In re Application of Elvis Presley Enterprises LLC for an Order to Take Discovery Pursuant to 28 U.S.C. § 1782*, No. 15-MC-386 (DLC), 2016 WL 843380, at *3 (S.D.N.Y. Mar. 1, 2016) (denying application to take § 1782 discovery because, in part, "a [foreign] court could require [the respondent] to produce the very information that [petitioner] seeks through this § 1782 application").  For a variety of reasons, including irrelevance or burden, the Mexican Court could also deny Escolástica's requests for documentation, or significantly limit them.  (*See* Díaz Decl. ¶7.)

Should Escolástica present its requests for documentation to the Mexican Court, and should it prevail on those requests, Escolástica may then enforce the Mexican Court's order either through Scholastic's voluntary compliance or, where necessary, through the traditional channels of international cooperation contemplated by the Mutual Legal Assistance Treaty between United States and Mexico, including (but not limited to) a letter rogatory.  *See* 28 U.S.C. § 1781; *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 776 (S.D.N.Y. 2012) ("Congress has empowered federal courts to issue and to enforce letters rogatory.")  (*See also* Díaz Decl. ¶8.)  Indeed, the very examples cited by Escolástica where "United States courts have [] granted applications for discovery under Section 1782 'for use' in

Mexican court proceedings" (Memo at 9–10) involved letters rogatory issued by Mexican civil courts.  *See In re Application of Operacion y Supervision de Hoteles, S.A. de C .V. for an Order to Conduct Discovery for Use in a Foreign Proceeding*, No. 14 MISC. 82 (PGG), 2015 WL 82007, at \*2, n.2 (S.D.N.Y. Jan. 6, 2015) (Mexican Court had already issued a letter rogatory to the U.S. Justice Department and an "ancillary letter rogatory" to the U.S. district court); *In re Request for Int'l Judicial Assistance from the Sixteenth Family Court of the Supreme Court of Justice of the Fed. Dist.*, No. 14-MC-80083 (JST), 2014 WL 1202545, at \*2 (N.D. Cal. Mar. 19, 2014) (district court authorized the issuance of "subpoenas reasonably necessary to obtain the information sought in the letter rogatory" from a Mexican court).

While Escolástica cites several cases to support its contention that discovery may, in some circumstances, be ordered from the foreign participant, those cases involve very different fact situations than the one presented here, including that the subpoena recipient had *already* failed to comply with a foreign court order (*see Consorcio Minero S.A. v. Doe Run Res. Corp*., No. 4:11-MC-583 (CEJ), 2011 WL 4550200, at \*3 (E.D. Mo. Sept. 30, 2011) (subpoena recipient had already been "ordered an audit and issued a summons" but had "failed to appear")); the § 1782 applicant was seeking the same discovery in multiple foreign proceedings (*see In re Application of Procter & Gamble Co.*, 334 F. Supp. 2d 1112, 1115 (E.D. Wis. 2004)); or the foreign law was idiosyncratically hostile to the applicant (*see In re Servicio Pan Americano de Proteccion*, 354 F. Supp. 2d 269, 274 (S.D.N.Y. 2004) (Venezuelan discovery rules required "detailed information about the nature and extent of the documentation" sought before ordering production), *In re Application of Carsten Rehder Schiffsmakler Und Reederei Gmbh & Co.*, No. 6:08-MC-108-ORL-35 (DAB), 2008 WL 4642378, at \*2 (M.D. Fla. Oct. 17, 2008) (procedure in China "relating to discovery [was] not comparable to our own")).  None of these scenarios apply

here.  They merely highlight the inappropriateness of Escolástica's request and stress the need to grant Scholastic's motion.

Escolástica asks this Court to ignore the weight of authority following *Intel*, which favors quashing a § 1782 Subpoena directed at a participant to a foreign proceeding.  "[I]f the party from whom discovery is sought in the § 1782 application is also a party to the foreign proceeding . . . the district court should be less inclined to grant the discovery request than if the respondent were a true nonparticipant."  *In re Kreke Immobilien KG,* No. 13 MISC. 110 (NRB), 2013 WL 5966916, at *4 (S.D.N.Y. Nov. 8, 2013).  This is true whether the document requests target the actual corporate entity participating in the foreign proceeding – Scholastic Inc. – or, as here, target both the entity and its parent company.  *See id.* at *5 (grouping corporate parent and subsidiary together for purposes of the first *Intel* factor and noting "the notion that [the parent] could somehow be a nonparticipant in the foreign action" where the subsidiary is a participant "is untenable").  *See also Schmitz* 376 F.3d at 85.

In short, Escolástica should not be permitted to short-cut the discovery process in Mexico or the discretion of the Mexican Court by obtaining discovery through 28 U.S.C. § 1782 without even attempting to use the appropriate foreign procedures.

**B.      The Subpoena Should Be Quashed Because the Mexican Court May Not Be Receptive to the Evidence Sought**

Because of the premature nature of Escolástica's application, the Mexican Court has not yet had a chance to rule on the scope of the documentation requested, including by possibly expressly excluding or limiting it.  Thus, the receptivity of the foreign tribunal – the focus of the second *Intel* factor – weighs in favor of granting Scholastic's motion.  Courts are averse to ordering § 1782 discovery "in the face of express objection by the foreign court where the underlying proceeding is pending." *In re Microsoft Corp.*, 428 F. Supp. 2d 188, 194 (S.D.N.Y.

2006).  In light of the narrow issues that will be before the Mexican Court, and the nature of

discovery process there, this Court should not substitute its judgment for that of the Mexican

Court as to the scope of documentation needed.  (*See generally* Díaz Decl. ¶7.)

## C.      The Subpoena Should Be Quashed Because it Circumvents Foreign Proof-Gathering Procedures Available in Mexico

At bottom, the third *Intel* factor asks "how the applicant fared or is faring in the foreign

jurisdiction in its attempts to procure the same information it now seeks under § 1782." *In re*

*Application of OOO Promnefstroy*, 2009 WL 3335608, at \*8.  The Mexican court has not yet

considered the materials requested by the Subpoena, since Escolástica has not yet raised them

there, let alone initiated the Damages Proceeding.  In this way, Escolástica's application, if

granted, "would [] preempt . . . a decision by" the Mexican court" and thus "render the [Mexican

Court's] proceedings meaningless[.]"*Microsoft Corp.*, 428 F. Supp. 2d at 195.  Given the

premature nature of Escolástica's application, and the procedures available for ordering

documentation relevant to damages in Mexico, the "likelihood of interfering with [Mexican]

discovery policy is substantial."  *In re Godfrey*, 526 F. Supp. 2d at 424 (granting motion to quash

on statutory grounds but noting that discretionary factors also support quashing).  Accordingly,

this *Intel* factor also cautions against enforcement of the Subpoena.

## D.      The Subpoena Should be Quashed Because it is Unduly Burdensome and Intrusive

### 1.      The Document Requests Seek Irrelevant Evidence and Impose a Burden on Scholastic that is Disproportional to the Limited Needs of the Damages Proceeding

An application under § 1782 may be rejected simply because it is too burdensome or

intrusive.  *See Intel*, 542 U.S. at 265.  This consideration mirrors "the familiar standards of Rule

26 of the Federal Rules of Civil Procedure."  *Mees v. Buiter*, 793 F.3d 291, 302 (2d Cir. 2015).

Accordingly, courts routinely limit § 1782 discovery to "relevant" material that is "proportional

to the needs of the case," and they are instructed to consider "whether the burden or expense of the proposed discovery outweighs its likely benefit." *In re Application of Elvis Presley Enterprises LLC*, 2016 WL 843380, at *5 (quoting Fed. R. Civ. P. 26(b)(1)). With this framework in mind, it is clear that the Subpoena is disproportionately broad and intrusive, and must be quashed.

Escolástica seeks discovery to aid the Damages Proceeding, the "sole purpose" of which is to determine damages stemming the Mexican Institute of Industrial Property's judgment of liability with respect to two the Escolástica Trademarks, covering (1) "telecommunications, communications services through any media, and online communication" and (2) "publicity, administrative, and commercial management services, and office services rendered through the internet or other portals." (Memo of Law at 4, 11.) Escolástica asserts that damages will be determined, in large part, by the Mexican Court's valuation of the "public selling price of each product or service rendered" in violation of the Trademarks. (Memo of Law at 6–7 (quoting Mexican Industrial Law).)

While acknowledging this limited scope, Escolástica seeks broad categories of documents covering financial reports for all of Scholastic's businesses, "sweep[ing] far too broadly to be proper for th[e] limited purpose" of the Damages Proceeding. *In re MT BALTIC SOUL Produktentankschiff-Ahrtsgesellschaft mgH & Co. KG*, No. 15 MISC. 319 (LTS), 2015 WL 5824505, at *3 (S.D.N.Y. Oct. 6, 2015). The Document Requests ask for fifteen years of Scholastic Inc.'s income tax returns, as well as audited and unaudited financial statements, with no regard to the fact that the majority of Scholastic's business is book publishing and distribution services wholly unrelated to telecommunications, publicity, or commercial management, and that only a tiny fraction of Scholastic's business relates to sales in Mexico.

Moreover, the Document Request directed at Scholastic Corporation targets the sale of a business unit without any showing that this transaction had any meaningful connection with business conducted or trademarks used in Mexico, which it in fact did not.  (*See* Lick Decl. ¶8 (noting that the sale of ETSB did not include the transfer or licensing of any of the Scholastic Escolástica Domain Names).)  Even if, as Escolástica contends, that division did "utilize[ the] infringing marks" (Memo of Law at 7), the *sale* of that division has no connection to any of the services covered by the Escolástica Trademarks.[3]

Escolástica has not and cannot show how this intrusive audit of Scholastic's tax returns and financial documents or the other evidence it seeks will bear any relevance to the Mexican Damages Proceeding.  In any event, the burden of production far outweighs any such potential relevance.  For that reason alone, the Subpoena should be quashed.

### 2.    Evidence That is Irrelevant to the Foreign Proceeding Will Not Be "Useful" to It, in Violation of 28 U.S.C. § 1782

The expansiveness of Escolástica's requests renders its § 1782 application further defective because it prevents Escolástica from meeting the statutory "for use" requirement.  *See* 28 U.S.C. § 1782.  Escolástica has not at this point shown, as it must, that "the evidence [requested] will provide it some advantage in the foreign proceeding or be useful in the proceeding."  *In re Asia Mar. Pac. Ltd.*, No. 15-CV-2760 (VEC), 2015 WL 5037129, at *3 (S.D.N.Y. Aug. 26, 2015).  But, in any event, that determination should be made by the Mexican Court, which is in the best position to assess which materials relate to the limited issues in the Mexican Damages Proceeding.  Moreover, as shown above, the broad categories of documents

---

[3] Even the first two Document Requests, which at least refer directly to the Escolástica Trademarks, are impermissibly broad, seeking "*worldwide* public selling price[s] and revenues" for those Trademarks (*see* Smith Decl., Ex. 3, at p. 2, ¶¶ 1–2), despite the fact that the damages determination will necessarily be limited to the provision of those services *within Mexico*.

sought in the Subpoena appear to bear little or no relation to the narrow scope of the Damages Proceeding, if one is ever filed.  "[I]t is difficult to conceive how information that is plainly irrelevant to the foreign proceeding could be said to be 'for use' in that proceeding." *Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, n. 7 (2d Cir. 2015).

The requested discovery also is entirely disproportional to Escolástica's needs in the Mexican Damages Proceeding.  The Subpoena demands the production of financial statements and tax returns for a fifteen-year period whether or not they relate in any way to Scholastic's activities in Mexico.  And even the demands relating to the use of the Scholastic Escolástica Domain Names seek "worldwide" information.  (*See* Smith Decl., Ex. 3, at p. 2, ¶¶ 1–2.) Finally, the demand directed at Scholastic Corporation, which seeks documents related to the sale of a business unit that has little or nothing to do with Mexico, would be extremely burdensome to Scholastic with little or no corresponding benefit to Escolástica.

For this and the other reasons set forth herein, the Subpoena should be quashed.

## II.     AT A MINIMUM, THE SCOPE OF THE SUBPOENA SHOULD BE LIMITED TO THOSE DOCUMENTS DIRECTLY RELATED TO SCHOLASTIC'S INFRINGEMENT OF ESCOLÁSTICA'S TRADEMARKS IN MEXICO

For the reasons set forth above, the Subpoena should be quashed in its entirely.  But if it is to be upheld at all at this time, before the Mexican Damages Proceeding has even been initiated, it should be limited to those documents directly related to the revenues and profits, if any, derived from Scholastic's alleged infringement of Escolástica's Trademarks in Mexico. Escolástica must not be permitted to obtain unfettered discovery of Scholastic's financial records and documents, and any requested production must be limited to documentation directly related to the allegedly infringing activities in Mexico.  This is especially true of records and documents concerning the sale of ETSB, a business division with miniscule, if any, previous activities in

Mexico.  Finally, any permitted discovery should be subject to a strict confidentiality order to be agreed to by the parties and approved by this Court.

## **CONCLUSION**

For the foregoing reasons, Scholastic respectfully requests that this Court grant its motion to vacate the Order and Quash the Subpoena.

Dated: New York, New York
       December 1, 2016

_____/s/  *Edward H. Rosenthal*_____
Edward H. Rosenthal
Lily Landsman-Roos
FRANKFURT KURNIT KLEIN & SELZ, P.C.
488 Madison Avenue, 10th Floor
New York, NY  10022
Telephone: (212) 980-0120
Fax:  (212) 593-9175
Email: erosenthal@fkks.com
        llandsmanroos@fkks.com

*Attorneys for Respondents Scholastic Corporation and Scholastic Inc.*
